UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Jeremy Ned

   v.                                  Civil No. 15-cv-178-LM

Esker Tatum, Warden, FCI-Berlin


**REPORT AND RECOMMENDATION**

     Petitioner Jeremy Ned filed a motion to supplement (doc. no. 15) the 28 U.S.C. § 2241 habeas petition (doc. no. 1) in this action.[1]  The motion to supplement has been granted, and the assertions therein are before the court for preliminary review.  See Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to § 2241 petitions); LR 4.3(d)(4)(A).[2]

---

[1] Petitioner's filing was entitled "Petitioner's Response to the Government's Motion to Dismiss § 2241 Petition for Mootness and Also Petitioner's Supplemental Motion to Expunge Both Case No. 2625987 and 2628053."  The filing was construed as two filings in one document, and was thus docketed twice: once as a response (doc. no. 14) to Respondent's motion to dismiss (doc no. 7), and once as a motion to supplement (doc. no. 15) the petition (doc. no. 1).  In this Report and Recommendation, the court addresses the filing only to the extent it is a motion to supplement.  The court addresses Ned's response to the motion to dismiss in a separate order.

[2] In reviewing the supplement, the court applies the same standard set forth in the October 15, 2015, Order (doc. no. 4).

## Identification of § 2241 Claims

In his original § 2241 petition (doc. no. 1), Ned asserted the following claim, seeking restoration of good time, relating to an incident at the Federal Correctional Institution in Loretto, Pennsylvania ("FCI-Loretto"):

> 1. Ned's guilty finding, on a disciplinary report for fighting (Incident Report #2628053), and the thirty days loss of good conduct time with which he was sanctioned therefor, violates his Fifth and Fourteenth Amendment due process rights, as the guilty finding was obtained, and sanction imposed, after a disciplinary hearing at which: (A) Ned was denied a witness who could provide evidence to exonerate him; (B) Ned was denied access to written statements that had been prepared concerning the incident; (C) FCI-Loretto officers failed to sufficiently investigate or collect evidence about the incident; and (D) there was insufficient evidence before the hearing officer to support a guilty finding.

The court has reviewed the assertions in Ned's motion to supplement his petition (doc. no. 15), and finds that Ned now seeks to add the following new claim for federal habeas relief, seeking expungement of a disciplinary report and restoration of good time:

> 2. Ned's guilty finding on a disciplinary report for possessing a shank at FCI-Loretto (Incident Report #2625987), and the forty days loss of good conduct time with which he was sanctioned therefor, violate his Fifth and Fourteenth Amendment due process rights, as the guilty finding was obtained, and sanction imposed: (A) after prison officials failed to investigate and obtain evidence that would tend to exonerate Ned; and (B) after a hearing at which Ned was denied access to an informant's statement or identity; and (C) at which there was insufficient evidence before the hearing officer to support a guilty

2

finding.

The remaining allegations in the motion to supplement assert a series of alleged violations of Ned's rights under the Eighth Amendment and the Due Process Clause that are properly construed as claims challenging the conditions of Ned's confinement at FCI-Loretto.

## Discussion

I. **New Claim for Federal Habeas Relief (Claim 2)**

Without comment on its merits, the court finds that Claim 2 may proceed in this § 2241 action, to the extent Ned challenges the guilty finding and sanction he received on the disciplinary report for possessing a shank (Incident Report #2625987), and seeks expungement of his disciplinary record and a restoration of good time as relief. In an Order issued simultaneously with this Report and Recommendation, the court directs respondent to file an answer or other response to Claim 2. Respondent may file a motion to dismiss as appropriate.

II. **New Civil Rights Claims**

In the motion to supplement, Ned has asserted claims against FCI-Loretto officials, alleging that those individuals subjected him to conditions of confinement at FCI-Loretto that violated his constitutional rights. Habeas corpus is not an

3

available remedy for those claims except to the extent that Ned seeks restoration of good time as a remedy, as he has for the assertions in Claim 2. See Eiland v. Warden Fort Dix FCI, 634 F. App'x 87, 89 (3d Cir. 2015); Lawrence v. Oliver, 602 F. App'x 684, 687 (10th Cir. 2015); Thompson v. Strafford Cty. Dep't of Corrs., No. 13-cv-52-SM, 2013 WL 3818592, at *2 (D.N.H. July 22, 2013), 2013 U.S. Dist. LEXIS 102754, at *4-*5 (D.N.H. July 27, 2013), R&R approved, 2013 U.S. Dist. LEXIS 103727, at *1 (D.N.H. July 22, 2013). To seek relief on his conditions of confinement claims, Ned may bring a civil rights action under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), in a court with personal jurisdiction over the defendants, which appears to be the Western District of Pennsylvania, where FCI-Loretto is located. See Eiland, 634 F. App'x at 89; Lawrence, 602 F. App'x at 687; Thompson, 2013 WL 3818592, at *2, 2013 U.S. Dist. LEXIS 102754, at *4-*5.

Accordingly, the district judge should dismiss, without prejudice, the remaining claims asserted in the motion to supplement, challenging conditions of Ned's confinement at FCI-Loretto. Those claims should be dismissed without prejudice to Ned's ability to assert them in a civil rights action in a court of competent jurisdiction.

**Conclusion**

For the foregoing reasons, except for the § 2241 claim identified above as Claim 2, the district judge should dismiss all other claims asserted in the motion to supplement (doc. no. 15), without prejudice to Ned's ability to refile those claims in a court of competent jurisdiction. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

August 22, 2016

cc: Jeremy Ned, pro se
    Seth R. Aframe, Esq.